IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD MCCALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00181 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| TONYA CHAPMAN, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Plaintiff Ronald McCall, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against the Director of the Virginia Department of Corrections ("VDOC") and five members of the Virginia Parole Board ("Parole Board"). McCall seeks leave to proceed *in forma pauperis*. Having reviewed McCall's filings, the court grants the request to proceed *in forma pauperis* but concludes that the complaint fails to state a cognizable claim under § 1983. Therefore, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.

In 1994, McCall began serving a state sentence of life with the possibility of parole. (Compl. ¶ 14 [ECF No. 1].) He became eligible for discretionary parole in 2008. (*Id.* ¶¶ 15–16.) On July 31, 2020, McCall was considered for parole for the tenth time. (*Id.* ¶ 16.) The Parole Board denied parole on September 15, 2020. (*Id.* ¶ 17.) In its written decision, the Parole Board noted, "among other things," that McCall needed to demonstrate "further participation in institutional work and/or programs to indicate [his] positive progression towards re-entry into society." (*Id.*)

McCall alleges that a VDOC policy has prevented him from enrolling in certain programs offered by the VDOC. (*Id.* ¶¶ 18–20.) McCall cites to VDOC Operating Procedure ("OP") 601.6, which provides that offenders will be enrolled in career and technical education programs based on their "good time/mandatory release date" and that "priority" will be given to inmates with "shorter sentences."[*] (*Id.* ¶ 18.) Because McCall is serving an indeterminate life sentence and does not have a "good time/mandatory release date," he has not been able to enroll in "several programs" offered by the VDOC. (*Id.* ¶ 20.) Instead, McCall has had to take correspondence courses offered through the private sector. (*Id.*)

Based on these factual allegations, McCall asserts two claims for relief under § 1983. First, McCall claims that the Parole Board "arbitrarily" denied him parole on the basis that he needs to participate in additional educational programs, in violation of his Fourteenth Amendment right to "substantive due process." (*Id.* ¶¶ 27–29.) Second, McCall claims that the priority given to inmates with a "good time/mandatory release date" under OP 601.6 violates his right to equal protection under the Fourteenth Amendment. (*Id.* ¶¶ 36–40.) McCall seeks monetary damages, a declaratory judgment, and injunctive relief.

## II.

Under 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[*] OP 601.6 is available online at https://vadoc.virginia.gov/files/operating-procedures/600/vadoc-op-601-6.pdf (last visited August 16, 2021).

The standards for determining whether a complaint is subject to dismissal under § 1915(e)(2)(B)(ii) are the same as those that apply to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, when reviewing a complaint under this provision, the court must accept the well-pleaded allegations as true and draw all reasonable factual inferences in the plaintiff's favor. *Id.*. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Twombly*, 550 U.S. at 570).

### III.

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). For the following reasons, the court concludes that McCall's complaint fails to allege a plausible violation of his Fourteenth Amendment rights.

## A.

The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. § XIV, § 1. "Due process contains both substantive and procedural components." *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 145 (4th Cir. 2014). "In order to prevail on either a procedural or substantive due process claim, inmates must first demonstrate that they were deprived of 'life, liberty, or property' by governmental action." *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997); *see also Plyler v. Moore*, 100 F.3d 365, 374 (4th Cir. 1996). For a procedural due process claim, a plaintiff must also show that "the procedures employed were constitutionally inadequate." *Accident, Inj. & Rehab., P.C. v. Azar*, 943 F.3d 195, 203 (4th Cir. 2019). For a substantive due process claim, a plaintiff is required to show that the challenged decision "was, under the circumstances, 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Hawkins v. Freeman*, 195 F.3d 732, 741 (4th Cir. 1999) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

McCall's complaint does not state a claim for violation of his right to procedural due process. "It is well-established in the context of parole that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (quoting *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Accordingly, any protected interest in parole must find its roots in state law. *Id.* Because the decision whether to grant parole is a discretionary one under Virginia law, a Virginia inmate does not have a protected interest in parole release. *Id.* Instead, Virginia law only "gives rise to a limited interest in consideration

for parole." *Id.* To protect this limited interest, "procedural due process requires no more than a statement of reasons indicating to the inmate why parole has been denied." *Bloodgood v. Garraghty*, 783 F.2d 470, 473 (4th Cir. 1986); *see also Burnette*, 687 F.3d at 182. In this case, McCall acknowledges that he received parole consideration for the tenth time in July 2020 and that the Parole Board provided specific reasons for its decision to deny parole. (*See* Compl. ¶¶ 16–17.) Accordingly, based on his allegations, McCall received all of the procedural protections to which he was entitled.

To the extent McCall's claim is based on the substantive component of the Due Process Clause, it fares no better. While McCall maintains that he was "arbitrarily" denied parole, he has not plausibly alleged that the adverse parole decision was "arbitrary in the constitutional sense." *Lewis*, 523 U.S. at 846 (internal quotation marks and citation omitted). Even if McCall's indeterminate life sentence has limited his ability to enroll in certain programs offered by the VDOC, the Parole Board's determination that McCall needs to participate in additional employment or educational programs is not so "egregious" or "outrageous" that it "shock[s] the contemporary conscience." *Lewis*, 523 U.S. at 847 n.8; *see also id.* at 849 (observing that "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level"); *Sturgis v. Michigan Parole Board*, No. 18-1554, 2019 WL 2156429, at *1 (6th Cir. 2019) (holding that the plaintiff's "allegations that he was denied parole based on a false narrative—including allegedly false information that he had a violent criminal history and blamed victims—are insufficient to shock the conscience") (internal alteration, quotation marks, and citations omitted). Accordingly, McCall's complaint fails to state a cognizable due process claim.

**B.**

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This provision "does not take from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks and citations omitted). Thus, to state a claim for violation of the Equal Protection Clause, a plaintiff must "plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated." *Equity in Athletics, Inc. v. Dep't of Educ.*, 639 F.3d 91, 108 (4th Cir. 2011). In other words, the plaintiff must plausibly allege that he was treated less favorably than "persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

McCall's complaint fails to satisfy this threshold requirement for an equal protection claim. As an inmate serving an indeterminate life sentence, McCall "is not similarly situated to inmates serving set terms of years in confinement for their crimes." *Johnson v. Johnson*, No. 7:09-cv-00207, 2009 WL 2337994, at *4 (W.D. Va. July 27, 2009). "By definition, a prisoner with a determinative sentence has a defined length of incarceration with a release date, while a prisoner with a parolable life sentence does not." *Jakaj v. Combes*, No. 2:12-cv-00475, 2013 WL 782596, at *9 W.D. Mich. Mar. 1, 2013). Therefore, the preferential treatment given to inmates with a good time/mandatory release date under OP 601.6 does not violate McCall's right to equal protection. *See id.*; *see also Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection.").

## IV.

For the reasons stated, the court will dismiss McCall's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to McCall.

**ENTERED** this 17th day of August, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE